JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Deason,<br><br>            Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>            Defendant. | No. CV 05-1738-PHX-DGC (LOA)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #7). Plaintiff failed to respond. The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued the Maricopa County Board of Supervisors and Sheriff Joseph Arpaio and alleged that his safety was threatened by inadequate and spoiled food, overcrowding, and unsanitary conditions at the county jail (Doc. #1). The Court dismissed the Maricopa County Board of Supervisors as a defendant, and ordered Arpaio to answer (Doc. #4).

Defendant filed a Motion to Dismiss and, in support, attached the affidavit of Corina Griffin, a Hearing Officer for inmate discipline and grievances (Doc. #7). Griffin attests that from the time Plaintiff was booked into the jail to the present, Plaintiff did not file any grievances or external appeals (Griffin Aff. ¶ 8, Ex. 1). Griffin also asserts that other inmates have grieved the issue of overcrowding, and an example of this type of grievance is attached to the affidavit (Id. ¶ 5, Attach. B). In addition, Defendant relies on Plaintiff's own admission

in the Complaint that he did not pursue administrative remedies as to any of his claims (Doc. #7 at 2). Defendant attached a copy of Policy DJ-3, which outlines the inmate grievance procedures (Attach. A).

The Court issued an order informing Plaintiff of his obligation to respond and of the quantum of evidence necessary to successfully rebut Defendant's contentions (Doc. #8). The time for filing a response has expired, and the motion is ready for ruling.

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action for failure to comply with any order of the court. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #8). Despite these warnings, Plaintiff has failed to respond to Defendant's motion. Accordingly, Plaintiff's failure to respond will be construed as a consent to the granting of the motion. However, out of an abundance of caution, the merits of Defendant's motion will be addressed.

## III. Legal Standard on Motion to Dismiss

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." McGary v. City of

1   Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559,
2   563 n.1 (9th Cir. 2005).

3         A plaintiff must first exhaust available administrative remedies before commencing
4   a § 1983 action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, No. 05-15650, 2006 WL
5   1529029, at *2 (9th Cir. June 6, 2006); Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.
6   2006). Exhaustion is required regarding all suits about prison life, Porter v. Nussle, 534 U.S.
7   516, 523 (2002), regardless of the type of relief offered through the administrative process.
8   Booth v. Churner, 532 U.S. 731, 741 (2001).   However, the defendant bears the burden of
9   raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
10  Cir. 2003); see also Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct.
11  647 (2005). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b)
12  motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315
13  F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in
14  resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837
15  F.2d 365, 369 (9th Cir. 1988).

16  **IV. Analysis**

17        According to the documents attached to the Motion to Dismiss, an inmate should seek
18  to resolve a conflict through the Maricopa County Jail System's Inmate Grievance
19  Procedures. Specifically, an inmate who wishes to file a grievance will be provided a
20  Grievance Form upon request, and must submit the form to a detention officer. The
21  unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.
22  If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision
23  to the jail commander, whose decision may be appealed to an External Referee. The External
24  Referee's decision is final.

25        Defendant has demonstrated that there exists a grievance system which was made
26  available to Plaintiff. Plaintiff has presented nothing to support a conclusion that he availed
27  himself of that system. Further, Plaintiff conceded in his Complaint that he failed to file the
28  requisite grievances within the jail system. Accordingly, based on the evidence before this

1  Court, Plaintiff failed to exhaust his administrative remedies, and Defendant's motion will
2  be granted.
3      **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #7) is **granted**.
4  Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
5  shall enter a judgment of dismissal accordingly.
6      DATED this 23rd day of June, 2006.

*David G. Campbell*
United States District Judge